■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DANIEL GARCIA and JUAN GUEVARA, Respondents.— Order, entered on March 25, 1963, granting motion by defendants to suppress evidence, unanimously reversed, on the law and on the facts, and the motion to suppress denied. Defendants were under surveillance by police officers for three afternoons. Before the surveillance was undertaken the officers knew that defendants had been charged with burglary in another county. On the first afternoon, defendants, who resided on the west side of Manhattan, proceeded by cab to Madison Avenue and 37th Street. Leaving the cab, they walked toward Park Avenue and entered an apartment house at 37 East 37th Street through the service entrance. They remained about five minutes and when they left they walked to a doorman-attended apartment house at 35 East 35th Street, entered it, emerged after 5 to 10 minutes, and departed in a cab. On the second afternoon they journeyed by cab to an apartment house at 140 East 72nd Street, entered it through the main entrance, left after a half hour and walked to 47 East 77th Street. They entered the apartment house at that address, came out after about 10 minutes, walked north one block, turned around, walked back and re-entered the building, emerging in about an hour and departing in a cab. On the third afternoon they travelled by cab to Madison Avenue and 57th Street, where they left the cab, walked around "more or less window shopping," went into a coffee shop at Lexington Avenue and 57th Street for about 20 minutes, and then walked "in and out of the blocks from Lexington Avenue over to Park-Madison, and eventually they worked their way all the way up to 85th Street." They then entered a 3-or 4-story brownstone residence on Park Avenue and after about five minues came out and went to an apartment house between Park and Madison Avenues which had two entrances, one on 85th Street attended by a doorman and the other on 86th Street at which no doorman was stationed. Defendants entered on the 85th Street side. Leaving after about five minutes, they walked around to 86th Street and entered the building again through the unattended doorway on that street. Thirty-five minutes later defendant Guevara, not carrying anything, left the premises on the 86th Street side, walked to Park Avenue and took a cab. Five minutes after Guevara left, defendant Garcia, not carrying anything, also left. Garcia "remained on the corner outside the premises. He was walking back and forth, looking at his watch * * * He made a phone call from the outside booth, corner of 86th and Madison, and he remained outside about 5 minutes." He then went inside through the 86th Street entrance and when he emerged five minutes later he was carrying a woman's makeup kit, which on search was revealed to contain a mink coat. On the foregoing facts we see no impropriety in the arrests which followed (cf. *People* v. *Cassone*, 20 A D 2d 118). As indicated

in *Carroll* v. *United States* (267 U. S. 132, 161), the officers were entitled to use their reasoning faculties upon all the facts of which they had knowledge in respect to the defendants. Concur — Botein, P. J., Breitel, Valente, Eager and Witmer, JJ.